Filed 11/21/23  P. v. Mariscal CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>PAUL ALBERTO MARISCAL,<br><br>  Defendant and Appellant. | D081438<br><br><br>(Super. Ct. No. SCS261991) |

APPEAL from a judgment of the Superior Court of San Diego County, Theodore M. Weathers, Judge.  Affirmed.

Sally Patrone, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier, Lynne G. McGinnis and Ksenia Gracheva, Deputy Attorneys General, for Plaintiff and Respondent.

After his 2013 guilty plea to attempted murder, personal discharge of a firearm, and personally inflicting great bodily injury, Mariscal petitioned the

court pursuant to Penal Code[1] section 1172.6[2] to resentence him. After hearing oral argument, the court denied the petition without issuing an order to show cause. On appeal, Mariscal contends that the trial court erred when it denied his petition at the prima facie stage of the proceedings. We affirm.

BACKGROUND AND PROCEDURAL FACTS

In 2013, Mariscal was charged in an amended complaint with two counts of willful, deliberate and premeditated attempted murder, in violation of section 187, subdivision (a) and section 189, together with an allegation of personal use of a firearm and an allegation of personal infliction of great bodily injury; one count of shooting at an occupied motor vehicle, together with an allegation of personal infliction of great bodily injury; and two counts of assault with a firearm, together with an allegation of personal use of a firearm. The attempted murder counts charged Mariscal and three other defendants. The allegations charged Mariscal and one other person with personal use of a firearm and with personal infliction of great bodily injury. The charged offense involved two people who were seriously injured when shots were fired into their vehicle.[3]

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

[2]    Mariscal brought his petition under former section 1170.95, which was amended effective January 1, 2022, and then renumbered as section 1172.6 without substantive change on June 30, 2022. (See Stats. 2022, ch. 58, § 10, (Assem. Bill No. 200).) We refer to the subject statute by its current number throughout this opinion.

[3]    Further details of the underlying offense are not relevant to the issues before us.

2

On April 29, 2013, Mariscal pled guilty to one count of attempted murder, one count of shooting at an occupied motor vehicle, and one count of assault. He also admitted the allegations of personal use of a firearm and the personal infliction of great bodily injury. His plea form stated "I admit that on the date charged, I attempted to murder another person and I discharged a firearm at an occupied vehicle. I also assaulted another with a firearm. I personally used a firearm and caused great bodily injury." The court sentenced Mariscal to 18 years 8 months.

On May 31, 2022, Mariscal petitioned the court to resentence him, relying upon section 1172.6. After appointing counsel to represent Mariscal, the court heard oral argument on the prima facie petition on October 14, 2022. The court denied the petition, concluding that Mariscal was ineligible for resentencing as a matter of law, because Mariscal's plea form made clear that he had "inflicted great bodily injury upon the attempted murder victim which requires [that Mariscal] himself was the direct perpetrator of the attempted murder."

Mariscal timely appealed.

We review a denial of resentencing under section 1172.6 for failure to present a prima facie case using a de novo standard of review. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 6 (*Lopez*).)

DISCUSSION

In 2019, the California Legislature amended sections 188 and 189, which made changes to existing law such that murder liability could no longer be imposed on a defendant who was not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony

3

who acted with reckless indifference to human life. (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)

Section 1172.6, subdivision (a) provides a procedure by which a convicted person may seek resentencing under the new law. After the offender files the appropriate petition, the court must appoint counsel to represent the offender, and the matter is set for hearing to determine whether the petitioner has made a prima facie showing that he or she is entitled to relief. (*Lewis, supra*, 11 Cal.5th at pp. 961–963, 967.) In making that preliminary determination, the court may rely on the record of conviction but may not engage in factfinding, weighing of evidence, or the exercise of discretion. (*Id.* at p. 972.)

Mariscal argues that his pleas to attempted murder, discharge of a firearm at an occupied vehicle, and assault with a firearm, and his admissions that he personally used a firearm and caused great bodily injury did not preclude his eligibility for resentencing. More specifically, Mariscal argues that the amended complaint charged three other defendants, his plea did not contain an admission of his intent to kill or that he was the direct perpetrator, and he did not stipulate to a particular theory of murder. He further contends that the court engaged in factfinding, which is not permitted at the prima facie stage. (*Lewis, supra*, 11 Cal.5th at p. 972.)

A petitioner is ineligible for relief as a matter of law if the record of conviction establishes that he or she was not convicted under any theory of liability affected by the Legislature's amendments to the law of murder. (*People v. Mancilla* (2021) 67 Cal.App.5th 854, 866-867.) A record of conviction may include the charging document and the plea form. (See, e.g., *People v. Saavedra* (2023) 96 Cal.App.5th 444 (*Saavedra*).)

4

The only theory of attempted murder identified for resentencing eligibility in section 1172.6 is "attempted murder under the natural and probable consequences doctrine." (§ 1172.6, subd. (a); see *People v. Coley* (2022) 77 Cal.App.5th 539, 548 [the statute "applies by its terms only to attempted murders based on the natural and probable consequences doctrine"].) The natural and probable consequences doctrine is a means by which malice can be implied by the factfinder if the person " 'willfully does an act, the natural and probable consequences of which are dangerous to human life, and the person knowingly acts with conscious disregard for the danger to life that the act poses.' " (*People v. Vargas* (2022) 84 Cal.App.5th 943, 953, citing *People v. Gonzalez* (2012) 54 Cal.4th 643, 653.)

"In the plea context, a petitioner convicted of murder is ineligible for resentencing if the record establishes, as a matter of law, that (1) the complaint, information, or indictment did not allow the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or another theory of imputed malice; (2) the petitioner was not convicted under such theory; or (3) the petitioner could presently be convicted of murder or attempted murder under the law as amended by [section 1172.6]." (*People v. Flores* (2022) 76 Cal.App.5th 974, 987.) As we discuss below, the record of conviction conclusively establishes that Mariscal was not convicted under any theory of imputed malice, and therefore the trial court did not err in denying his petition at the prima facie stage.

In his plea form, Mariscal admitted under penalty of perjury that he:

- attempted to murder another person;
- discharged a firearm at an occupied vehicle;
- assaulted a person with a firearm; and
- personally used a firearm and caused great bodily injury.

In addition, at the hearing on his change of plea, Mariscal was placed under oath and confirmed to the court that those statements were true and correct.

Neither the amended complaint nor the plea form contain any reference to the natural and probable consequences doctrine nor to any other theory of imputed or vicarious liability. In fact, the amended complaint specified that the attempted murders were willful, deliberate and premeditated, and the admissions in support of the plea similarly were focused on Mariscal's personal conduct. This fact alone seems to place Mariscal beyond the reach of section 1172.6, subdivision (a), because that section "applies by its terms only to attempted murders based on the natural and probable consequences doctrine." (*Coley*, 77 Cal.App.5th at 548.)

But further, Mariscal's sworn statements also establish his intention to kill, placing him outside the reach of section 1176.2. He stated that he "attempted to murder another person." The admission to attempted murder carries with it an intent to kill. (See *People v. Smith* (2005) 37 Cal.4th 733, 741 [" '[a]ttempted murder requires the specific intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing' "], quoting *People v. Lee* (2003) 31 Cal.4th 613, 623.)[4] A conviction for attempted murder requires the prosecution to prove the defendant acted with specific intent to kill the victim. (*Smith*, at p. 741; see also *People v. LaJocies* (1981) 119 Cal.App.3d 947, 956 (guilty plea admits all matters essential to the conviction); CALCRIM No. 600 (intent to kill is an element of attempted

---

[4] The court in *Smith* distinguished the mental state required for murder from attempted murder. " 'The mental state required for attempted murder has long differed from that required for murder itself. Murder does not require the intent to kill. Implied malice—a conscious disregard for life—suffices.' " (*Smith*, *supra*, 37 Cal.4th at 739, quoting *People v. Lasko* (2000) 23 Cal.4th 101, 107.)

murder). When Mariscal pled guilty to attempted murder, he necessarily admitted his intent to kill, because such intent is an element of the offense to which he pled.

A recent decision of Division Three of our court is substantially similar to the case before us and supports our conclusion that Mariscal's plea makes him ineligible for resentencing under section 1172.6 as a matter of law. In *Saavedra, supra*, 96 Cal.App.5th at pages 446–447, the court affirmed the trial court's conclusion that a defendant charged with attempted premeditated murder was ineligible for resentencing relief as a matter of law, based upon his plea statement that he "willfully, unlawfully and with malice aforethought attempted to murder [three] human beings, by personally discharging a firearm at the vehicle [they] were occupying, within the meaning of . . . section 12022.53." The court concluded that the plea statement established that Saavedra was the actual shooter. "The factual basis for the plea cannot reasonably be construed as potentially imposing liability under the natural and probable consequences doctrine because it is a theory of vicarious liability, and Saavedra did not act vicariously." (*Saavedra*, at p. 447.)

As in *Saavedra*, Mariscal's plea to attempted murder, read in tandem with his admissions of assault with a firearm, discharge of a firearm at an occupied vehicle, and personally causing great bodily injury with a firearm negate any possibility of vicarious liability. It is true that in *Saavedra*, the reviewing court placed emphasis on the plea form's use of the word "by", i.e., that Saavedra specifically admitted that he attempted the murder "by personally discharging" the firearm. (*Saavedra, supra*, 96 Cal.App.5th at p. 447.) Mariscal's plea form did not use the preposition "by" to link his admissions. Nonetheless, his plea form, considered in its entirety, can only to

7

be read as a sworn admission that Mariscal attempted to murder the victim through his personal use of the firearm.

Mariscal correctly argues that his admissions to personal use of a firearm and personally causing great bodily injury are themselves insufficient to establish the necessary intent to kill to disqualify him from an evidentiary hearing. (See *People v. Offley* (2020) 48 Cal.App.5th 588.) There, the trial court erred by relying on the enhancement for use of a firearm to conclude that the defendant was ineligible for resentencing under section 1172.6. The appellate court noted that the only state of mind required for such an enhancement was intention to discharge a firearm. (*Offley*, at p. 598.) Further, the jury had been instructed on the natural and probable consequences doctrine, so it was possible that the jury found the defendant had not intended the kill the victim. (*Id.* at p. 599.) Here, however, neither the charges against Mariscal nor his plea referenced a natural and probable consequences theory; and as discussed above, Mariscal's ineligibility is based on his plea to attempted murder, not on his admissions to the firearm enhancements.

Similarly, in *People v. Montes* (2021) 71 Cal.App.5th 1001, the court reversed the denial of a petition for resentencing under section 1172.6 for an attempted murder conviction, noting that the jury had been instructed in the natural and probable consequences theory of attempted murder, in which the perpetrator's intent to kill was imputed to the defendant. "The jury here did not consider appellant's own intent to kill for purposes of the attempted murder crimes." (*Id.* at p. 1008.) In contrast, by his plea, Mariscal admitted his own intent to murder, and the admission that he "personally used a firearm and caused great bodily injury" only underscores that his conviction

8

was based upon Mariscal's personal intent and conduct, not on any vicarious theory of responsibility.

Mariscal relies on the decision of the court in *People v. Flores* (2022) 76 Cal.App.5th 974, 987.  In that case, the defendant pled no contest to a charge of second degree murder.  The charging document did not specify or exclude any particular theory of murder; and "in entering his plea, the defendant did not admit to or stipulate to any particular theory of murder." (*Ibid*.)  However, in *Flores*, the factual basis for the murder plea was a preliminary hearing transcript, and the defendant never admitted the truth of the testimony in that transcript.  (*Flores,* at p. 992.)  By contrast, Mariscal admitted under oath in his plea that he *attempted* to murder the victim (a charge that included the element of his intent to kill).  He did not assert, suggest or imply that the murder attempt was merely part of a natural and probable consequence of the conduct of someone else.

Finally, we reject Mariscal's contention that the trial court engaged in impermissible fact-finding at the prima facie stage.  Mariscal gives no example of such fact-finding, and instead seems simply to conclude that the denial of Mariscal's petition must have been due to improper fact-finding.  We reject this contention.  "[N]o factfinding, weighing of evidence, or credibility determinations" were necessary here, nor did the court engage in any.  (See *People v. Harden* (2022) 81 Cal.App.5th 45, 59.)

Accordingly, we conclude that Mariscal is ineligible for relief under section 1172.6 as a matter of law.

9

## DISPOSITION

The postjudgment order denying Mariscal's petition for resentencing under section 1172.6 is affirmed.

KELETY, J.

WE CONCUR:


O'ROURKE, Acting P. J.


CASTILLO, J.

10